**In re Anonymous No. 90 D.B. 99**

Disciplinary Board Docket No. 90 D.B. 99.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HALPERN, *Member,* May 4, 2000—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

# I. HISTORY OF PROCEEDINGS

On July 20, 1999, a petition for discipline was filed by petitioner, Office of Disciplinary Counsel, against respondent, [   ]. The petition charged respondent with violations of Rule 203(b)(2) of the Pennsylvania Rules of Disciplinary Enforcement and Rules 8.4(d), 5.5(a), 1.3, 1.4(a), and 1.16(d) of the Rules of Professional Conduct arising out of his failure to appear before Chief Disciplinary Counsel for an informal admonition.

A disciplinary hearing was held on October 22, 1999 before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Petitioner was represented by [   ]. Respondent did not appear for the hearing nor did he have counsel to represent him.

The committee filed a report on December 29, 1999 and found that petitioner violated the rules charged in the petition for discipline. The committee recommended a suspension for a period of one year and one day.

This matter was adjudicated by the Disciplinary Board at the meeting of February 2, 2000.

# II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Common-

wealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1960 and was admitted to practice law in Pennsylvania in 1989. His home address is [    ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) In accordance with Rules 208(a)(2) and (3), Pa.R.D.E., it was determined that respondent should receive an informal admonition as a result of misconduct involving his client [A] and in aiding in the unauthorized practice of law of [B], a formerly admitted attorney, and [C], a paralegal.

(4) By letter dated April 19, 1999, respondent was directed to appear before Chief Disciplinary Counsel on Monday, May 17, 1999, to receive an informal admonition.

(5) Chief Disciplinary Counsel's notice to respondent also informed respondent that, pursuant to Rules 208(a)(6), Pa.R.D.E., respondent had 20 days to demand as of right that a formal proceeding be instituted against him before a hearing committee in the appropriate disciplinary district and that in the event of such a demand, respondent need not appear for the administration of the informal admonition.

(6) Respondent did not demand that a formal proceeding be instituted against him in regard to the allegations giving rise to the imposition of the informal admonition.

(7) As a result of respondent's failure to demand the institution of formal proceedings against him, respon-

dent is conclusively deemed to have violated the Rules of Professional Conduct set forth in Chief Disciplinary Counsel's letter of April 19, 1999.

(8) Chief Disciplinary Counsel's notice, which was sent by certified mail, return receipt requested, to respondent's attorney registration address, was received April 20, 1999. The domestic return receipt PS form 3811 (green card) reflected a signature of "[D]."

(9) Respondent failed to appear on May 17, 1999.

(10) By letter dated May 17, 1999, respondent was directed by Chief Disciplinary Counsel to provide good cause for his failure to appear for the informal admonition.

(11) The letter of May 17, 1999 was sent by certified mail. The green card reflected a delivery date of May 18, 1999 and a signature of an individual with the surname of "[E]."

(12) Respondent was to reply to the letter of May 17, 1999 on or before May 27, 1999.

(13) Respondent did not reply to the letter of May 17, 1999, affording respondent an opportunity to establish good cause for not appearing for the informal admonition.

(14) Notice of the disciplinary hearing scheduled for Friday, October 22, 1999, was served upon respondent by District [ ] investigator [F]. (N.T. 10, 11, 18, 19)

(15) Respondent did not appear for the hearing before Hearing Committee [ ].

(16) Respondent did not contact Office of Disciplinary Counsel for a continuance.

(17) By order of the Supreme Court dated July 16, 1998, respondent was transferred to inactive status for failure to comply with the continuing legal education requirements.

(18) By order of the Supreme Court dated January 22, 1999, respondent was placed on temporary suspension after he was convicted of the crimes of possession of a controlled substance and possession of drug paraphernalia. The court referred this matter to the Disciplinary Board, at case nos. 5 D.B. 99 and 24 D.B. 99.

## III. CONCLUSIONS OF LAW

By his failure to appear for the informal admonition, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) Pa.R.D.E. 203(b)(2)—Willful failure to appear before the Chief Disciplinary Counsel for imposition of an informal admonition is grounds for discipline;

(2) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice;

Respondent is conclusively deemed to have violated the following Rules of Professional Conduct as a result of his failure to demand the institution of formal proceedings after his notification that an informal admonition had been determined:

(1) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client;

(2) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information;

(3) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advanced payment of fee that has not been earned; and

(4) R.P.C. 5.5(a)—A lawyer shall not aid a non-lawyer in the unauthorized practice of law.

## IV. DISCUSSION

This matter is before the Disciplinary Board upon a petition for discipline charging respondent with violations of the rules arising out of his failure to appear before Chief Disciplinary Counsel for the imposition of an informal admonition. The informal admonition stemmed from the findings that respondent aided a nonlawyer in the unauthorized practice of law; failed to act with reasonable diligence in representing a client; failed to keep a client informed about the status of a matter and promptly comply with reasonable requests for information; and failed to protect a client's interests upon termination of the representation.

The record is clear that respondent received notice from the Office of Chief Disciplinary Counsel that he was to receive an informal admonition on May 17, 1999. In that notice respondent was advised of his right to demand formal proceedings in the event he did not agree with the findings resulting in the informal admonition. Re-

spondent did not avail himself of the opportunity to request formal proceedings.

The record is also clear that subsequent to his failure to appear for the informal admonition he received, by certified mail, a letter from Chief Disciplinary Counsel directing respondent to provide good cause for his failure to appear on May 17, 1999. Respondent did not reply to the letter.

As a result of the failure to appear, petitioner initiated formal proceedings before the Disciplinary Board. A disciplinary hearing was scheduled for October 22, 1999. Respondent was personally served with the petition for discipline and the notice of disciplinary hearing by District [ ] investigator [F]. Respondent failed to appear for the disciplinary hearing.

Respondent's failure to appear for the informal admonition constitutes a basis for disciplinary sanction. In addition, this failure to appear is aggravated by several facts of record. Respondent failed to appear for the disciplinary hearing. This non-appearance deprived the Hearing Committee and petitioner of the opportunity to question respondent regarding his current fitness to practice law, which was brought into issue by his seeming lack of regard for the disciplinary system.

Respondent is currently on inactive status due to his failure to fulfill his CLE requirements. There is also a disciplinary matter that arose from respondent's conviction on August 18, 1998 of the crimes of possession of drug paraphernalia and possession of a controlled substance. He was placed on temporary suspension by the Supreme Court on January 22, 1999. At the time this

case was adjudicated, that matter was pending before the Supreme Court.[1]

Failure to appear for private discipline has generally resulted in the imposition of a public form of discipline. The attorney in *In re Anonymous No. 43 D.B. 93,* 23 D.&.C.4th 468 (1994), was suspended by the Supreme Court for a period of 13 months subsequent to his failure to appear for an informal admonition, his neglect of client cases, and his misrepresentation of the status of a case to a client. The board found that the attorney's failure to participate in the disciplinary process evidenced a lack of responsibility for his professional duties.

In the matter of *In re Anonymous No. 127 D.B. 89,* 12 D.&C.4th 106 (1991), the attorney was suspended by the Supreme Court for a period of 13 months for failing to appear for an informal admonition, and general neglect of client matters.

An attorney was suspended for a period of one year and one day after he failed to appear for two informal admonitions. *In re Anonymous No. 8 D.B. 91,* 21 D.&C.4th 333 (1993).

After due consideration of the facts of this matter and the relevant case law, as well as the aggravating circumstances brought to light by respondent's failure to appear at the hearing, the board is persuaded that the appropriate discipline is a suspension of respondent's license to practice law for a period of one year and one day. Such a length of suspension would require respondent to petition for reinstatement pursuant to Rule 218(a),

---

1. On March 16, 2000, the Supreme Court ordered that respondent be suspended from the practice of law for a period of one year and one day for the matter at nos. 5 D.B. 99 and 24 D.B. 99.

Pa.R.D.E., and prove that he is fit to practice law in Pennsylvania. The board recommends that this suspension be made concurrent to the suspension imposed in the matter at nos. 5 D.B. 99 and 24 D.B. 99 on March 16, 2000.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [ ], be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of one year and one day to run concurrent to the suspension imposed by the Supreme Court on March 16, 2000 at nos. 5 D.B. 99 and 24 D.B. 99.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Scaricamazza did not participate in the February 2, 2000 adjudication.

## ORDER

And now, June 26, 2000, upon consideration of the report and recommendations of the Disciplinary Board dated May 4, 2000, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day to run consecutive to the suspension previously imposed by this court on March 16, 2000, at no. 475 Disciplinary Docket no. 3, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.